UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AHMED JOAQUIN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 16-3756 (SRC)

MEMORANDUM OPINION

This matter has been opened to the Court by Petitioner Ahmed Joaquin's filing of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. It appearing that:

1. On June 24, 2016, Joaquin filed a 2255 motion with this Court in which he asserts that Johnson v. United States, 135 S. Ct. 2551 (2015), invalidates his sentence because Johnson's vagueness rationale applies to the advisory Guidelines. ECF No. 1, Motion at 4.

2. Three days after filing his 2255 motion in the District Court, Joaquin filed an application pursuant to 28 USC § 2244 to file a second or successive motion under 2255 in light of a prior 2255, which he had pursued in 2015.[1]

3. On May 10, 2017, the Third Circuit entered an Order in which it declined to treat the 2015 motion as a 2255 motion for successive purposes. See C.A. No. 16-2928. The Third Circuit also "decline[d] to transfer the application and the accompanying 2255 motion to the District Court" because Joaquin's "reliance on Johnson . . . appear[ed] to lack merit in light of

---

[1] That matter was dismissed as untimely on December 12, 2015. See Civ. Act. No. 15-7014 at ECF No. 3.

1

Beckles v. United States, 137 S. Ct. 886 (2017)[]" (id.), which was decided by the Supreme Court of the United States on March 6, 2017.

4. On August 8, 2017, the Court directed the government to file a response to the Motion. ECF No. 3. On September 21, 2017, the government filed a letter response, arguing that Petitioner's arguments are foreclosed by Beckles and are unrelated to the residual clause challenge in Johnson.[2] ECF No. 6.

5. The Court agrees that Petitioner's Guidelines vagueness claim is foreclosed by Beckles. Petitioner Beckles was convicted of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). See Beckles v. United States, 137 S. Ct. 886, 890 (2017). His presentence investigation report concluded that he was eligible for a sentencing enhancement as a "career offender" under United States Sentencing Guideline § 4B1.1(a) because his offense qualified as a "crime of violence" under § 4B1.2(a)'s residual clause. At the time he was sentenced, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (U.S.S.G.). In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court held that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. In Beckles, however, the Supreme Court expressly held that the residual clause in the advisory Guidelines remains valid after Johnson because the Guidelines "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." Id. at 892. Furthermore, Petitioner

---

[2] Petitioner did not file a reply and it appears that he was released from BOP custody on November 28, 2017. See https://www.bop.gov/inmateloc/ (last visited on March 15, 2018).

also seemingly seeks to attack his sentence based on his prior state court convictions for controlled substance offenses under U.S.S.G. § 2K2.1(a)(2). The definition of a "controlled substance offense" is distinct from a residual clause challenge to the definition of a "crime of violence," which was the subject of the Supreme Court's decision in Johnson. As such, the Motion is also not properly brought under Johnson for reasons unrelated to Beckles.

6. Because Petitioner's vagueness challenge to the Guidelines fails under Beckles, and his claim is otherwise not properly brought under Johnson, the Court will deny the Motion. Petitioner has not made a substantial showing of the denial of a constitutional right; as such, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2. An appropriate Order follows.

Stanley R. Chesler, U.S.D.J.